1
2
3
4
5
6
7

8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15

JOHN BABAROVICH, a married man,

　　　　　Plaintiff,

　　　vs.

STANDARD GUARANTY INSURANCE
COMPANY, a Delaware corporation,

　　　　　Defendant.

Case No.: _____

**DEFENDANT'S NOTICE OF
REMOVAL UNDER 28 U.S.C.
§ 1441(b) (DIVERSITY)**

**(CLERK'S ACTION REQUIRED)**

16

TO:　THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON

17
18
19
20
21
22

　　　PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 and § 1146, Standard

Guaranty Insurance Company ("SGIC") hereby removes to this Court the state court action

entitled *Babarovich v. Standard Guaranty Insurance Company*, pending in the Superior Court

of the State of Washington in and for the County of Snohomish, under Case No. 19-2-06599-

31 (the "State Court Action") on the grounds of diversity jurisdiction.

23

### I.　　**PROCEDURAL HISTORY**

24
25
26

　　　Plaintiff, John Babarovich ("Plaintiff"), a married man, served SGIC with the

Complaint via statutory service of process on the Insurance Commissioner of the State of

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\42496094\1

Washington (the "Insurance Commissioner") on August 1, 2019.  Declaration of Kevin A. Michael ("Michael Decl."), Ex. 1.  A copy of the Complaint in the State Court Action received by the Insurance Commissioner is attached as Exhibit 2 ("Complaint") to Michael Decl.  The Insurance Commissioner received the Summons and Complaint on July 29, 2019 and mailed it to SGIC on July 30, 2019.  Michael Decl., Exs. 1,3.  Removal is thus timely under 28 U.S.C. § 1446(b) because fewer than 30 days have passed since service of the Summons and Complaint upon SGIC.

## II.      NATURE OF DISPUTE

This is an insurance coverage dispute.  SGIC issued Lender Provided Insurance Certificate Nos. MLR21207386180 and MLR21207484114 (the "Policies') to first named insured Wells Fargo Bank, N.A. for the policy periods July 21, 2014 to July 21, 2015 and July 21, 2015 to July 21, 2016, respectively, for property located at 13024 3rd Avenue SE in Everett, Washington.  Plaintiff is listed as the Borrower for the subject property.  In June and July 2017, Plaintiff reported three fire losses to SGIC at the subject property.

After completing a thorough investigation, SGIC determined there was no active policy for the date of loss and that the policies were in effect for land only.  SGIC denied coverage for the claimed losses.  Plaintiff's lawsuit contests SGIC's coverage determination, and alleges breach of contract, breach of the Insurance Fair Conduct Act pursuant to RCW 48.30.010 *et seq.*, breach of the Washington State Consumer Protection Act, RCW Ch. 19.86, *et seq.*, and bad faith.  Complaint, ¶¶4.1-4.13.  Plaintiff seeks actual and consequential damages, treble damages under RCW 19.86 *et seq.*, treble damages pursuant to RCW 48.30 *et seq.*, and attorneys' fees and costs. *Id*. at ¶5.1(1)-(5).

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 2

LEGAL\42496094\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

### III.      GROUNDS FOR REMOVAL

The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this court by Defendant SGIC pursuant to U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.      The Amount In Controversy Is Satisfied Because SGIC Has A Good Faith Basis To Believe That Plaintiff Is Seeking Damages In Excess Of $75,000.**

Under 28 U.S.C. § 1446 (c)(2)(A), the notice of removal may assert the amount in controversy if the initial pleading in the state court action seeks nonmonetary relief and/or when the plaintiff does not demand a specific sum.

In the State Court Action, Plaintiff alleges that SGIC is responsible for fire damage to structures located on Plaintiff's Everett, WA property.   Although SGIC denies it owes coverage for the damages, Plaintiff has demanded no less than $200,000 for his actual damages.   Complaint, ¶4.7.   In addition to actual damages, Plaintiff seeks treble damages under the Washington State Consumer Protection Act, 19.86 *et seq*. up to $25,000 per violation, treble damages under the Insurance fair Conduct Act, RCW 48.30 *et seq.*, and attorneys' fees and costs.   Although SGIC denies these allegations, based on the allegations in Plaintiff's Complaint and Plaintiff's prayer for actual damages in an amount exceeding $200,000, treble damages and attorneys' fees, Plaintiff seeks damages well in excess of the jurisdictional amount of $75,000.

**B.      Complete Diversity Exists Because Plaintiff Is a Citizen Of Washington, Whereas Defendant Is a Citizen of Delaware and Georgia.**

A natural person is considered a citizen of the state where the person is domiciled – that is, where the person has established a fixed habitation or abode, intending to remain there

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\42496094\1

1    permanently or indemnity.  *See, e.g., Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).  The

2    Complaint filed in the State Court Action alleges that Plaintiff currently resides in King

3    County, Washington.  Complaint, ¶1.1.  Accordingly, Plaintiff is a citizen of Washington

4    State.  SGIC is incorporated in Delaware and maintains its principal place of business in

5    Atlanta, Georgia.  Michael Decl., Ex.4.  Complete diversity exists because neither party is a

6    citizen of the same state as the other.

7

8          **C.    Venue Is Proper.**

9          Removal to this Court is proper because the State Court Action was filed in this Court's

10   district.  *See*, 28 U.S.C. § 1441(a).

11                      **IV.    STATE COURT PLEADINGS**

12         Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the State

13   Court Action served upon SGIC as of August 30, 2019, are filed with this Notice of Removal

14   of Civil Action as follows: (1) Summons (Exhibit 5); (2) Complaint (Exhibit 2); (3) Case

15   Information Cover Sheet (Exhibit 6); (4) Acceptance of Service (Exhibit 7); (5) Motion for

16   Default (Exhibit 8); (6) Order of Default (Exhibit 9); (7) Order Vacating Default (Exhibit 10).

17   There are no hearings or motions currently pending in the State Court Action.

18

19                          **V.    CONCLUSION**

20

21         Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal of Civil Action will

22   be promptly filed in the State Court Action and served upon Plaintiff.

23         Based on the foregoing, SGIC removes to this Court the State Court Action.

     / / /

24   / / /

25   / / /

26

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 4

LEGAL\42496094\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    DATED this 30th of August, 2019.

2                                           COZEN O'CONNOR

3

4                                           By:  _/s/ Kevin A. Michael_____
                                                 Kevin A. Michael, WSBA No. 36976
5                                                _/s/ Craig H. Bennion_____
                                                 Craig H. Bennion, WSBA No. 11646
6                                                _/s/ Nadia A. Bugaighis_____
                                                 Nadia A. Bugaighis, WSBA No. 45492
7                                                999 Third Avenue, Suite 1900
                                                 Wells Fargo Center
8                                                Seattle, WA  98104
                                                 Telephone: 206.340.1000
9                                                Toll Free Phone: 800.423.1950
                                                 Facsimile: 206.621.8783
10
                                                 *Attorneys for Defendant Standard Guaranty*
11                                               *Insurance Company*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Also, on August 30, 2019, I caused the foregoing document to be served upon counsel of record at the address and in the matter described below:

| | |
|---|---|
| Gregory L. Ursich, WSBA No. 18614<br>Inslee, Best, Doezie & Ryder, PS<br>10900 NE 4th St., Suite 1500<br>Bellevue, WA 98004<br>Phone:  (425) 450-4266<br>Email:  gursich@insleebest.com<br>**Counsel for Plaintiff** | (  )  Via Legal Messenger<br>(  )  Via Overnight Courier<br>(  )  Via Facsimile<br>(X)  Via U.S. Mail<br>(X)  Via Email |

SIGNED AND DATED this 30th day of August, 2019.

COZEN O'CONNOR

By  _/s/ Leslie Yamashita_
　　　Leslie Yamashita, Legal Assistant

　　　999 Third Avenue, Suite 1900
　　　Wells Fargo Center
　　　Seattle, WA  98104
　　　Telephone: 206.340.1000
　　　Toll Free Phone: 800.423.1950
　　　Facsimile: 206.621.8783

LEGAL\22804073\1 88888.8888.888/803159.000

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (b)
(DIVERSITY) - 6

LEGAL\42496094\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000